UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

THEOPRIC BLOODSAW,

        Petitioner,

vs.

T. FARLEY,

        Respondent.

No. C 12-4036 PJH (PR)

**ORDER DISMISSING AMENDED PETITION**

Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's original petition was dismissed and petitioner has filed an amended petition.

## BACKGROUND

According to the petition, Bloodsaw was convicted in Los Angeles Superior Court of assault, battery, criminal threats, and mayhem. With enhancements, he was sentenced to prison for twenty-one years and four months. The claims in this petition, however, appear to relate to events at the prison where he is held, Pelican Bay State Prison.

## DISCUSSION

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

## B. Legal Claims

Petitioner has had at least thirty cases with this court, none of which have been found to have any merit. Judge Fogel, to whom petitioner's cases previously were assigned, determined that petitioner had had at least three cases dismissed as frivolous, malicious, or for failure to state a claim, and thus denied him leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g); *Bloodsaw v. Baron*, C 08-04121 JF (PR) (order Nov. 19, 2008). The "three strikes" provision of section 1915(g), does not, however, apply to habeas cases. *See Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997). Petitioner's original petition was dismissed with leave to amend as the claims were so unclear that it was not possible to be sure what relief he sought. It appeared that most or all of the claims involved conditions of confinement, in which case it may be that petitioner filed this case as a habeas petition in an effort to avoid the "three strikes" rule.

Petitioner's amended petition has not cured the deficiencies of his prior petition. The amended petition is confusing and rambling. Petitioner appears to raise claims regarding the conditions of his confinement along with claims regarding his underlying arrest in Los Angeles.

Claims that do not involve the fact or duration of the petitioner's confinement are not properly the proper subject of a habeas action. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is

2

proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Petitioner has failed to show any connection between the events he describes and the length of his confinement. Furthermore, the present claims do not set out facts "that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut*, 431 F.2d 689). Conclusory allegations such as "chain conspiracy" or "I am the victim of hate crimes" are not facts.

Petitioner has already been granted leave to amend once and it is clear that allowing any further amendments would be futile. If petitioner wishes to bring an action regarding his conditions of confinement he must file a civil rights action.

## CONCLUSION

The petition is **DISMISSED** for the reasons set out above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 7, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Bloodsaw4036.dis.wpd